UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KING, #459215,

       Petitioner,

v.                                          CASE NO. 2:08-CV-13568
                                          HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

       Respondent.
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF NEXT FRIEND

Michigan prisoner Michael King has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of three counts of second-degree murder, Mich. Comp. Laws § 750.317, two counts of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court and was sentenced to concurrent terms of 28 to 50 years in prison on the murder convictions, concurrent terms of 6 to 10 years in prison on the assault convictions, and a consecutive term of two years in prison on the felony firearm conviction in 2005.

In his pleadings, Petitioner asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his murder and assault convictions. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer. This matter is before the Court on Petitioner's

1

motion for appointment of a next friend, fellow prisoner Carl Ashley, to assist him with this case. Petitioner states that he has only a high school education, that he does not have an adequate understanding of the law, and that he has relied on Ashley's assistance to submit his prior pleadings. Respondent has not filed a reply to the motion.

An application for a writ of habeas corpus may be filed by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not conferred automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be granted. *Id*. First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id*. Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*; *see also Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (citing *Whitmore, supra*; *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998)). "The putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'" *Tate*, 72 F. App'x at 266 (citing *Whitmore*, 495 U.S. at 164).

In this case, Petitioner and Ashley have failed to satisfy the first prerequisite. They have not shown that Petitioner, who has a high school education, is incompetent or otherwise unable to proceed in this habeas action on his own behalf. Thus, even assuming that Ashley is acting in Petitioner's best interests, the failure to demonstrate Petitioner's inaccessibility, incompetence, or other disability, precludes the appointment of a next friend. This is particularly true given that

Petitioner has already filed his petition, as well as a reply to Respondent's answer. No further pleadings are required at this time. Accordingly, the Court **DENIES** Petitioner's motion for appointment of a next friend.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 2, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael King by electronic means or U.S. Mail on August 2, 2010.

s/Carol A. Pinegar
Deputy Clerk