UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KING, #459215,

        Petitioner,

v.                                         CASE NO. 2:08-CV-13568
                                          HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

**I.    Introduction**

Michigan prisoner Michael King has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of three counts of second-degree murder, Mich. Comp. Laws § 750.317, two counts of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial with co-defendant Christopher Vaughn in the Wayne County Circuit Court in 2005. Petitioner was sentenced to concurrent terms of 28 to 50 years in prison on the murder convictions, concurrent terms of six to 10 years in prison on the assault convictions, and a consecutive term of two years in prison on the felony firearm conviction.

Petitioner asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his murder and assault convictions. Respondent contends that

1

the petition lacks merit. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus and denies a certificate of appealability.

**II.     Facts and Procedural History**

Petitioner's convictions arise from a shooting which occurred in Detroit, Michigan on June 29, 2004. The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> On June 29, 2004, Anthony Smith, Tyrone Smith, and Jermaine Henry were shot and killed, and Frisco Williams and Shirley Smith were shot and wounded following an altercation that began after someone allegedly made threats against Vaughn's sister. Several witnesses identified Vaughn as firing a handgun during the encounter. Testimony established that King supplied one or more weapons used in the shootings and that he drove Vaughn and others away from the scene following the shootings.

*People v. King*, No. 260637, 2006 WL 2918920, *1 (Mich. Ct. App. Oct. 12, 2006) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of error, including the insufficient evidence claim raised in the present petition. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id*. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *People v. King*, 477 Mich. 1056, 728 N.W.2d 418 (2007). Petitioner also filed a motion for relief from judgment in the state trial court, asserting that the verdict was against the great weight of the evidence and a related claim of ineffective assistance of counsel. The trial court denied the motion. Petitioner did not appeal that decision.

Petitioner thereafter filed the instant petition asserting that the prosecution presented insufficient evidence to support his murder and assault convictions under an aiding and abetting theory. Respondent has filed an answer to the petition asserting that it should be denied. Petitioner has filed a reply to that answer.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

3

correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

4

**IV.    Analysis**

Petitioner asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence that he aided and abetted second-degree murder and assault with intent to commit great bodily harm. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n. 16. When applying this standard, a habeas court does not re-weigh the evidence or redetermine the credibility of the witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "It is the province of the fact-finder to weight the probative value of the evidence and resolve any conflicts in testimony." *Id*. Therefore, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id*. (citations omitted).

Under Michigan law, the common law crime of murder is defined as second-degree murder and is punishable by up to life imprisonment. *See* Mich. Comp. Laws § 750.317. Second-degree murder is the unjustified and unexcused killing of a human being with malice. Conviction of second-degree murder requires proof of the following elements: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 457 Mich. 442, 463-64, 579 N.W.2d 868 (1998). To prove malice, the prosecution must establish that the defendant has the intent to kill or do great bodily harm, or

5

has created and disregarded a very high risk of death. *Id*. at 466; *see also People v. Dykehouse*, 418 Mich. 488, 495, 345 N.W.2d 150 (1984). "The facts and circumstances of the killing may give rise to an inference of malice.... A jury may infer malice from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999) (internal quotation omitted). Malice may also be inferred from the use of a deadly weapon. *Id.*

To convict a defendant of assault with intent to do great bodily harm less than murder under Michigan law, the prosecution must prove: (1) an attempt or offer with force or violence to do corporal hurt to another, and (2) an intent to do great bodily harm less than murder. *See* Mich. Comp. Laws § 750.84; *People v. Parcha*, 227 Mich. App. 236, 239, 575 N.W.2d 316 (1997); *People v. Mitchell*, 149 Mich. App. 36, 38, 385 N.W.2d 717 (1986).

Circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *see People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993); *People v. Plummer*, 229 Mich. App. 293, 299, 581 N.W.2d 753 (1998), including a defendant's intent or state of mind. *See People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997).

To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement which aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he gave the aid or encouragement. *Carines*, 460 Mich. at 759; *see also People v. Moore*, 470 Mich. 56, 67-68, 679 N.W2.d 41 (2004). An aider and

6

abettor's state of mind may be inferred from the circumstances. *Carines*, 460 Mich. at 759.

Considering the foregoing elements and applying the *Jackson* standard, the Michigan Court of Appeals determined that the prosecution presented sufficient evidence to support Petitioner's convictions. The court explained in relevant part:

> King does not assert that there was insufficient evidence presented to establish that a crime was committed. He also does not deny that he provided a weapon that was used in the shootings or that he drove Vaughn, Vaughn's brother, and another individual from the scene following the shooting. King asserts, however, that the prosecutor presented insufficient evidence to establish that he possessed the requisite intent to aid and abet Vaughn's crimes. We disagree.
>
> Viewing the evidence in a light most favorable to the prosecution, the testimony presented at trial established that Vaughn, his brother, and another individual named "Surge," went to confront individuals who they believed threatened Vaughn's sister. As they were driving, Surge telephoned King and indicated that he was not going into the confrontation without a gun. King responded by driving to the location where Surge was waiting and where he provided at least one weapon. The evidence also established that King was at the scene during the events preceding the shooting, and immediately following the shooting he arrived in his vehicle to shepherd Surge, Vaughn, and Kimani away from the scene. Whether a defendant possessed the necessary intent to be convicted of aiding and abetting may be inferred from circumstantial evidence. *People v. Wilson*, 196 Mich App 604, 614; 493 NW2d 471 (1992). From the evidence presented, the jury could reasonably infer that, at the time he supplied one or more weapons used in the shooting, King was aware that Vaughn, Surge, and the others intended to confront, and assault, the individual or group that threatened Vaughn's sister. Our Supreme Court recently explained in *People v. Robinson*, 475 Mich 1, 15, 715 NW2d 44 (2006):
>
> [A] defendant must possess the criminal intent to aid, abet, procure or counsel the commission of an offense. A defendant is criminally liable for the offenses that the defendant specifically intends to aid or abet, or has knowledge of, as well as those crimes that are the natural and probable consequences of the offense he intends to aid or abet. Therefore, the prosecutor must prove beyond a reasonable doubt that the defendant aided or abetted the commission of an offense and that the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense or alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense.

> Thus, "a defendant is liable for the crime the defendant intends to aid or abet as well as the natural and probable consequences of that crime." *Id*. at 15. Here, the charged offenses (murder and assault with intent to do great bodily harm) were a natural and probable consequence of engaging in a confrontation and assault while armed with a handgun. We conclude, therefore, that there was sufficient evidence presented at trial to support the verdicts against King.

*King*, 2006 WL 2918920 at *2-3.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination is neither contrary to *Jackson* nor an unreasonable application of the law or the facts. The testimony presented at trial revealed that Petitioner was friends with co-defendant Christopher Vaughn, that Petitioner was aware that Vaughn's sister had a prior altercation with one or more of the victims, that Vaughn asked Petitioner for a weapon to take to take to the victims' neighborhood, that Petitioner met Vaughn and provided him with at least one gun knowing that he and his cohorts intended to confront the victims, that Petitioner left the immediate area but remained in the vicinity during the confrontation, and that Petitioner drove Vaughn and the others away from the scene of the shooting. Such evidence was sufficient to support Petitioner's convictions under an aiding and abetting theory and to establish that he was more than "merely present" or an innocent bystander when the shooting occurred. *Cf. Brown v. Palmer*, 441 F.3d 347, 351-52 (6th Cir. 2006) (affirming grant of habeas relief on insufficient evidence claim based upon finding that the petitioner was "merely present" where evidence showed that the petitioner and the perpetrator were together before carjacking, the petitioner watched without pumping gas while perpetrator fired shots, the petitioner attempted to leave scene and did not call police to retrieve his car); *Hopson v. Foltz*, 818 F.2d 866, 1987 WL 37432 (6th Cir. 1987) (unpublished) (evidence was insufficient to establish aiding and abetting second-degree murder where it showed that the petitioner and the victim argued, the perpetrator

8

arrived in a car, removed a gun, and fired several shots, and the petitioner took shell casings from the scene and went home through an alley); *Fuller v. Anderson*, 662 F.2d 420 (6th Cir. 1981) (evidence that the petitioner stood nearby, turned his head a few times, and ran off with arsonist was insufficient to establish his intent to burn the home).

Petitioner's knowledge of the confrontational situation between the parties and his conduct in providing co-defendant Vaughn with a gun and driving Vaughn and the others away from the shooting, combined with Vaughn's actions during the shooting, established the requisite malice and the requisite assistance to support his convictions. *See, e.g. Stewart v. Wolfenbarger*, 595 F.3d 647, 657-59 (6th Cir. 2010) (evidence was sufficient for second-degree murder conviction under aiding and abetting theory where the petitioner gave a gun to the perpetrators knowing that they intended to commit an armed robbery because he acted with disregard of life-endangering consequences). Viewed in a light most favorable to the prosecution, the trial testimony supports Petitioner's convictions for second-degree murder and assault with intent to commit great bodily harm less than murder as an aider and abettor.

Petitioner's insufficient evidence claim attacks the inferences the jury drew from the evidence at trial. Such determinations, however, are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Additionally, to the extent that Petitioner

challenges the Michigan Court of Appeals' construction or application of state law, he is not entitled to habeas relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of second-degree murder and assault with intent to commit great bodily harm less than murder beyond a reasonable doubt was reasonable. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the insufficient evidence claim contained in his petition and denies the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not

conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claim. *Id*. at 336-37. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his insufficient evidence claim. A certificate of appealability is not warranted.

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 6, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael King by electronic means or U.S. Mail on October 6, 2010.

s/Carol A. Pinegar
Deputy Clerk